ON RETURN TO REMAND
COBB, Judge.
This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17,1995.
On June 17, 1994, this court remanded this cause to the trial court with instructions for that court to conduct an in camera inspection of the victim’s Department of Human Resources (DHR) files to determine whether they contain any exculpatory information. On remand, the trial judge states in his order that “out of abundance of caution and giving the defendant the benefit of the doubt, I would hold and do find that there is exculpatory material contained in those files.”
In Pennsylvania v. Ritchie, 480 U.S. 39, 57, 107 S.Ct. 989, 1001, 94 L.Ed.2d 40 (1987), the United States Supreme Court held:
“It is well settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Brady v. Maryland, [10 L.Ed.2d 215 (1963) ], 373 U.S. [83] at 87, 83 S.Ct. [1195], at 1196. Although courts have used different terminologies to define ‘materiality,’ A majority of this Court has agreed, ‘Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A “reasonable probability” is a probability sufficient to undermine confidence in the outcome.’ United States v. Bagley, 473 U.S. [667], at 682, 105 S.Ct. [3375], at 3383 [87 L.Ed.2d 481 (1985) ] (opinion of BLACKMUN, J.); id., at 685, 105 S.Ct. at 3385 (opinion of WHITE, J.).”
See also Jackson v. State, 674 So.2d 1318 (Ala.Crim.App.1993) (and cases cited therein).
While the trial court found that the DHR files contained exculpatory evidence, it failed to determine whether this evidence was material. Therefore, this cause is remanded to the trial court so that it can make a determination as to whether there is a reasonable probability, that had the exculpatory evidence contained in the DHR files been disclosed to the defense, the result of the proceeding would have been different. If the trial court finds that the exculpatory evidence was material, then the appellant is entitled to a new trial.[1]
*238 The trial court shall file a return with this court in 70 days.
REMANDED WITH DIRECTIONS.
All the Judges concur.

. We note that the trial court seemed very reluctant to make the determination that the DHR records contained exculpatory evidence and urges this court “not to place the trial judge in the position of a defense attorney" to decide what information is relevant to defendant’s case. The trial court states that "The only person who can make the determination that certain material is exculpatory or who can recognize such exculpatory material when seen and considered along *238 with other information is the defense attorney.” While we sympathize with the trial court's position, the United States Supreme Court in Pennsylvania v. Ritchie rejected the argument that defense counsel should be allowed to view all confidential information and then argue in favor of disclosure of any information defense counsel deems exculpatory and material.